# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY K. IT,
    Plaintiff,

v.                                      Case No. 19-C-518

THOMAS MICHLOWSKI,
ERICA KOERE,
LUKE ALLEN,
GEORGE MONESE,
OFFICER KESKE,
JOHN AND JANE DOES, and
WARDEN NOVAK,
    Defendants.

## ORDER

Plaintiff Anthony It, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights. He also filed a motion for leave to proceed without prepayment of the filing fee. The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b).

On April 12, 2019, U.S. Magistrate Judge David Jones (the judge assigned to the case at that time) ordered the plaintiff to pay an initial partial filing fee of $0.13. The plaintiff paid the fee on April 23, 2019. Accordingly, I will grant the plaintiff's motion to proceed without prepayment of the filing fee. He must pay the remainder of the fee over time in the manner described at the end of this order.

Under the PLRA, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

I am obliged to give plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that, on February 14, 2019, while he was housed at Columbia Correctional Institution, he was given an injection of Paliperidone, which is an antipsychotic medication. According to the plaintiff, the medication was to last thirty days. A week later, on February 21, the plaintiff transferred to the Wisconsin Resource Center. The plaintiff asserts that defendant Dr. Thomas Michlowski ordered he be given another injection.

2

According to the plaintiff, defendant patient care technician Lucas Allen came to his cell door and informed him he needed to receive an injection. The plaintiff asserts that he told Allen that he had received an injection a week earlier and that he did not feel comfortable getting another injection. Allen allegedly told the plaintiff he had no choice; officers would make him take the medication by force.

The plaintiff states that defendant nurse Erica Koere then came to his door and told him that there was no record of him receiving the medication a week earlier. She allegedly informed him that the records showed he had refused the medication on February 18, 2019. The plaintiff told Koere that he had received an injection a week earlier, and he did not want another injection because he was afraid of the side effects. The plaintiff alleges that defendant officer Keske negligently recorded in his medical records that he had refused his medication.

Allen then returned to the plaintiff's cell and allegedly told him officers were organizing a cell extraction team so the medication could be administered by force. The plaintiff states that he did not want to get hurt or get a conduct report, so he agreed to get the injection. He insisted they document that he tried to refuse the injection because he had received an injection a week before. According to the plaintiff, officers and supervisors came to his door. The plaintiff states that he was handcuffed and Koere injected him with the antipsychotic medication.

The plaintiff asserts that, as a result of receiving the second injection, he suffered from involuntary shaking of his head and neck, soreness in his right arm, nausea, and migraines. The plaintiff states that the side effects lasted for five days.

The plaintiff alleges that "Nurse Koere and Doctor Michlowski failed to correctly review [his] health care record—which would have showed that [he] received the injection on the 14th of February 2019." Docket No. 1 at 5. He also asserts that Allen violated his Fourteenth Amendment rights when he threatened to use force to administer the medication. He seeks to sue Dr. George Monese for failing to order the proper treatment after meeting with the plaintiff on January 29, 2019. He also alleges that John and Jane Doe policy makers violated his rights by allowing correctional officers to administer medications. Finally, he alleges that defendant Warden Novak is liable for failing to properly train officers on documenting medication refusals.

The plaintiff fails to state a claim against the defendants in connection with his allegations that he was prematurely prescribed and administered a second injection of antipsychotic medication. To state a federal claim, the plaintiff must allege that the defendants knew he faced a substantial risk of serious harm and were deliberately indifferent to that risk. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Mere negligence by a prison official is not sufficient to state a claim. *Id.*

The plaintiff acknowledges that, after he told Allen he had received an injection a week earlier, Koere checked his medical files to confirm whether his assertions were accurate. She told him that the records did not show that he had received an injection; rather, they indicated that he had refused the injection. The plaintiff asserts that he told her the records were incorrect, but prison staff are not required to believe everything an inmate says, especially if the staff member investigates the accuracy of the prisoner's assertions. *See Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014). None of the plaintiff's allegations suggest that the defendants had any reason other than the plaintiff's say-so

4

to doubt that his records were accurate. Accordingly, the plaintiff fails to state a federal claim against the defendants on these facts.

Similarly, the plaintiff fails to state claims against the correctional officer who entered the refusal note in his records and the supervisor who allegedly failed to train officers on how to enter notes into prisoners' records. The plaintiff's allegations do not suggest deliberate action or inaction; they suggest only negligence, which is insufficient to state a federal claim. The plaintiff also may not proceed against policy makers who permit correctional officers to administer medication. Nothing in the plaintiff's complaint suggests that he was injured by this policy as the plaintiff alleges that a nurse, not a correctional officer, administered the second injection.

I will, however, allow the plaintiff to proceed against Allen and Koere based on his allegations that they administered a second injection without his consent. The plaintiff does not allege that any other defendant had direct involvement in the decision to forcibly administer the medication, and there is no vicarious liability under § 1983. A prisoner "possesses a significant liberty interest in avoiding the unwanted administration of anti-psychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). Before the state may treat a prisoner against his will: (1) a treating physician must find that the medication is in the prisoner's medical interest; (2) a tribunal or reviewing panel must review the treating physician's decision; and (3) the prisoner must have had the opportunity to argue before the tribunal or reviewing panel that he does not need the medication. *Fuller v. Dillon*, 236 F.3d 876, 881 (7th Cir. 2001) (citations omitted). It is unclear whether these requirements were

satisfied before Allen and Koere administered the second injection, so I will let the plaintiff proceed with this claim.

Where a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over related state law claims as along as the state claims "derive from a common nucleus of operative fact with the original federal claims." 25 U.S.C.§ 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). Supplemental jurisdiction is not appropriate merely because the claims are "tangentially related" or share a broad factual background. *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009). "Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim." *Birdo v. Mathis*, Case No. 15-cv-456, 2015 WL 3948150, at *3 (S.D. Ill. June 26, 2015) (citations omitted).

The plaintiff has only one surviving federal claim—against Allen and Koere for violating his due process rights by administering the second injection against his wishes. To prevail on that claim, he will have to show that the state did not comply with the requirements described by the Seventh Circuit in *Fuller*. He will *not* have to show that his medical records regarding the administration of the first injection were inaccurate, which is the basis of his state-law negligence claims. Accordingly, the court will not exercise jurisdiction over his state-law claims.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Thomas Michlowski, George Monese, Officer Keske, John/Jane Does, and Warden Novak are **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Erica Koere and Luke Allen.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Erica Koere and Luke Allen shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $349.87 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin

        362 United States Courthouse
        517 E. Wisconsin Avenue
        Milwaukee, Wisconsin 53202

The court further advises the plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin, this <u>10th</u> day of May, 2019.

        <u>s/Lynn Adelman</u>
        Lynn Adelman
        United States District Judge